EDWARD R. BUELL, III (State Bar No. 240494)
erb@severson.com
KIMBERLY A. PAESE (State Bar No. 258594)
kap@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO BANK, N.A.
d/b/a America's Servicing Company; U.S. BANK
NATIONAL ASSOCIATION, AS TRUSTEE
FOR CREDIT SUISSE FIRST BOSTON 2005-
10 (sued erroneously herein as "CREDIT
SUISSE GROUP AG")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| PURNIMA JHA,<br><br>        Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A. d/b/a America's Servicing Company, CREDIT SUISSE GROUP AG, and DOES 1 through 20,<br><br>        Defendants. | Case No. 4:14-cv-01691-DMR<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:     June 12, 2014<br>Time:    11:00 a.m.<br>Crtm.:   TBD<br>Judge:  The Honorable Donna M. Ryu<br><br>Action Filed:    March 11, 2014<br>Trial Date:     None Set<br><br>[Removed from Superior Court of the State of California in and for the County of Contra Costa Case No. MSC14-00468] |

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that the hearing on the motion by defendants Wells Fargo Bank, N.A. d/b/a America's Servicing Company (hereinafter, "Wells Fargo") and U.S. Bank National Association, as Trustee for Credit Suisse First Boston 2005-10 (sued erroneously herein as "Credit Suisse Group AG") (hereinafter collectively, "Defendants") to dismiss the Complaint by plaintiff Purnima Jha (hereinafter, "Plaintiff") will come on regularly for hearing on June 12, 2014, at 11:00 a.m., or as soon thereafter as may be heard, before the Honorable Donna M. Ryu in a courtroom to be determined of the above-entitled court located at 1301 Clay Street, Oakland, California 94612.

Defendants move to dismiss the Complaint, and each and every claim asserted therein, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff fails to state any claim upon which relief may be granted, together with any additional grounds set forth in the accompanying memorandum of points and authorities.

The motion to dismiss is based on this notice of hearing, the supporting memorandum of points and authorities, all judicially noticed matters, all pleadings and papers on file in this action, on the reply, if any, that may be filed with the Court, and on any and such further oral made during the hearing.

DATED:  April 18, 2014

SEVERSON & WERSON
A Professional Corporation


By:    /s/ Kimberly A. Paese
                    Edward R. Buell, III
                    Kimberly A. Paese

Attorneys for Defendants
WELLS FARGO BANK, N.A.
d/b/a America's Servicing Company; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON 2005-10 (sued erroneously herein as "CREDIT SUISSE GROUP AG")

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Wells Fargo Bank, N.A. d/b/a America's Servicing Company (hereinafter, "Wells Fargo") and U.S. Bank National Association, as Trustee for Credit Suisse First Boston 2005-10 (sued erroneously herein as "Credit Suisse Group AG") (hereinafter collectively, "Defendants") hereby submit the following memorandum of points and authorities in support of their motion to dismiss the Complaint by plaintiff Purmina Jha (hereinafter, "Plaintiff").

### I.  INTRODUCTION

This action relates to a 2012 trustee's sale of the subject property. Plaintiff received a discharge of personal liability for the subject loan. She was also reviewed and denied for a loan modification. Nonetheless, she failed to take any steps to cure her default or otherwise avoid foreclosure. As a result, the property proceeded to sale. Although Plaintiff had been repeatedly advised it would proceed to sale, she now files this suit alleging claim for: (1) "breach of contract (Deed of Trust)"; (2) "breach of contract (30-day Grace Period Letter)"; (3) "breach of contract (Wells Fargo – Fannie Mae Agreement)"; (4) intentional misrepresentation; (5) negligent misrepresentation; and (6) conversion.  However, as set forth herein, she fails to plead the essential elements to these claims and they should be dismissed. For these reasons, and those set forth below, Defendants request the Court grant its motion to dismiss without leave to amend.

### II.  SUMMARY OF BACKGROUND FACTS

In or about June 2005, Plaintiff obtained a refinance loan from Gateway Bank FSB in the principal amount of $350,000.00 ("Subject Loan"). (Request for Judicial Notice ("RJN"), Exhibit 1.) The Subject Loan was secured by a deed of trust to the property located at 555 Grizzly Peak Blvd., Berkeley, California 94708 ("Property"). (*Id.*) On August 25, 2010, the beneficial interest in the subject loan was assigned to USB. (RJN, Exhibit 2.)

Plaintiff stopped making her loan payments and filed a chapter 7 bankruptcy petition on March 30, 2010. (RJN, Exhibit 3.)  On October 28, 2010, the bankruptcy court granted the motion

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

1  by USB for relief from stay. (RJN, Exhibit 4.)  A notice of default[1] was recorded on March 17,

2  2011, followed by a notice of trustee's sale on November 16, 2011. (RJN, Exhibit 5-6.)  The

3  notice of trustee's sale set a December 12, 2011 sale date. (RJN, Exhibit 7.)  On October 6, 2011,

4  Plaintiff received a discharge of personal liability for the subject loan. (RJN, Exhibit 8.)

5        The property proceeded to public auction and was sold to a third party on March 12, 2012.

6  (RJN, Exhibit 10.)  A trustee's deed upon sale, granting the property to Community Fund LLC

7  was recorded on March 21, 2012. (*Id.*)

8        **III.  SUMMARY OF PLAINTIFF'S ALLEGATIONS**

9        Plaintiff alleges that "during the course of 2011, [presumably after she received a discharge

10  in October 2011], Plaintiff had difficulty making her mortgage payments, and had numerous

11  communications with Wells Fargo as part of efforts to save her home." (Compl., ¶ 17.)  Plaintiff

12  alleges that during these communications, Wells Fargo informed Plaintiff that it intended to sell

13  her home at a foreclosure sale on [Monday] March 12, 2012." (Compl., ¶ 18.)

14        Plaintiff alleges she received a letter dated February 24, 2012 from Wells Fargo indicating

15  that she had a thirty-day grace period under the Home Affordable Modification Program

16  ("HAMP") and that no sale would be held during this time period. (Compl., ¶ 20.)  Plaintiff

17  alleges she received another letter dated February 29, 2012 which allegedly indicated she had been

18  denied loss mitigation assistance. (Compl., ¶ 21.)  Plaintiff alleges this second letter invited

19  Plaintiff to contact Wells Fargo for a re-evaluation if she could establish an increased monthly net

20  income. Plaintiff alleges she received a third letter on March 9, 2012 that indicated she had been

21  denied loss mitigation assistance. (Compl., ¶ 23.)

22        Plaintiff alleges that on Friday, March 9, 2012, she contacted Wells Fargo and was

23  instructed to submit a new request for modification and assistance. (Compl., ¶ 22.)  Plaintiff

24  alleges she faxed a new request to Wells Fargo after business hours (at 8:45 p.m.) on Friday,

25  March 9, 2012. (Compl., ¶ 24.)  The sale went forward at 12:00 p.m. on Monday, March 12,

26

27  [1] Although not relevant for purposes of the instant motion, the notice of default indicates the loan to be due for the June 1, 2010 payment.

28

1   2012.

2                              **IV.  LEGAL STANDARD**

3            Under Federal Rule of Civil Procedure 12(b)(6) (hereinafter, "Rule 12(b)(6)"), a claim may

4   be dismissed because of a "failure to state a claim upon which relief can be granted." (Fed. R. Civ.

5   P. 12(b)(6).)  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal

6   theory or on the absence of sufficient facts alleged under a cognizable legal theory.  (*Johnson v.*

7   *Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729,

8   732 (9th Cir. 2001).)  In reviewing a complaint under Rule 12(b)(6), all allegations of material

9   fact  are taken as true and construed in the light most favorable to the non-moving

10  party.  (*Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*,

11  120 F.3d 1075, 1077 (9th Cir. 1999).)  Courts however, are not required "to accept as true

12  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

13  inferences."  (*In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v.*

14  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).)

15                              **V.  ARGUMENT**

16  **A.      Plaintiff Fails To State A Cause Of Action For Breach Of Contract (Claim 1)**

17           By her first claim, Plaintiff alleges Defendants breached the deed of trust. (Compl., ¶¶ 31-

18  35.)  This claim fails. Generally, a cause of action for breach of contract requires proof of the

19  following elements:  (1) existence of the contract; (2) plaintiff's performance or excuse for

20  nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the

21  breach.  (*CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239 (2008).)

22           Initially, Plaintiff fails to meet her burden of pleading the contract.  The proper way to

23  "plead the contract" is to either quote the relevant contractual language verbatim in the complaint,

24  or attach a copy of the contract itself.  (4 Witkin, Cal. Procedure (4th ed. 1997) Pleading §§ 479,

25  480, pp. 572-73.)  Yet, even if she did properly include the subject deed of trust, Plaintiff fails to

26  articulate what provision(s) of the deed of trust she contends were breached by Defendants.

27  However, notwithstanding these defects, this claim should be dismissed because Plaintiff was in

28  default on the Subject Loan and thus, cannot, as a matter of law, plead her own performance on

1   the Subject Loan. "It is elementary that a party to a contract cannot compel another to perform

2   while he is in default." (*Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1367

3   (2010).) Relatedly, any damages she alleges she incurred were proximately caused by her

4   undisputed default, not the conduct of Defendants. For these reasons, Plaintiff's first claim for

5   breach of contract should be dismissed.

6   **B.      Plaintiff Fails To State A Cause Of Action For Breach Of Contract (Claim 2)**

7            By her second claim, Plaintiff alleges "[t]he 30-Day Grace Period Letter is a valid written

8   contract" which Defendants breached. (Compl., ¶¶ 36-40.) However, Plaintiff fails to demonstrate

9   the referenced "30-Day Grace Period Letter" constituted a valid and enforceable contract. Under

10  California law, "a contract requires parties capable of consent, the consent of those parties, a

11  lawful object, and sufficient consideration." (*ASP Props. Grp. v. Fard, Inc.*, 133 Cal.App.4th

12  1257, 1268-69 (2005) (*citing* Cal. Civ. Code § 1550).) Plaintiff does not plead facts to establish

13  how an unsolicited letter created a binding and enforceable contract between the parties. She does

14  not allege any consideration on her part. Furthermore, here too Plaintiff fails to plead the contract

15  as she fails to plead the terms and/or attach a copy of it to her complaint. For these reasons,

16  Plaintiff's second claim for breach of contract should be dismissed.

17  **C.      Plaintiff Fails to State A Claim For Breach Of Contract (Claim 3)**

18           In support of her third claim, Plaintiff alleges Defendants breached what she describes as

19  "the Wells Fargo-Fannie Mae Agreement". (Compl. ¶¶ 41-45.) However, it is well settled that a

20  plaintiff lacks standing to bring claims premised on the theory that a defendant failed to comply

21  with the terms of a pooling and servicing agreement, as a borrower/plaintiff in such a position is

22  neither "a party to, nor a third-party beneficiary of, that agreement." (*Tall v. Mortg. Elec.*

23  *Registration Sys., Inc.*, No. C 12–05348 WHA, 2012 WL 6680183, at *4 (N.D. Cal. Dec. 21,

24  2012) *citing Ganesan v. GMAC Morg., LLC*, No. C 12–1935 MEJ, 2012 WL 4901440, at *4(N.D.

25  Cal. Oct. 15, 2012); *McGough v. Wells Fargo Bank, N.A.*, 2012 WL 2277931, at *4–5) (N.D. Cal.

26  June 18, 2012); accord *Trinh v. Citibank, N.A.*, 2012 WL 6574860, at *3 (N.D. Cal. Dec. 17,

27  2012) (rejecting plaintiff's claim that defendant improperly foreclosed property due to failure to

28  securitize mortgage by closing date in PSA) ("This court concludes—as it and many other courts

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

1  have previously—that Plaintiff cannot plead plausible causes of action base on a violation of the

2  PSA due to lack of standing.)  Furthermore, in an action based on an alleged breach of a written

3  contract, as is the case with this claim and the two preceding claims, the terms must be set out

4  verbatim in the body of the complaint, or a copy of the written instrument must be attached and

5  incorporated by reference (*Wise v. Southern Pacific Co.*, 223 Cal.App.2d 50, 59 (1963)). In failing

6  to identify the provisions breached by Wells Fargo, and instead vaguely referring to generic

7  breaches, Plaintiff has failed to properly plead an essential element of this cause of action.  (*Levy*

8  *v. State Farm Mut. Auto. Ins. Co.*, 150 Cal.App.4th 1, 5-6 (2007) ["Facts alleging a breach, like all

9  essential elements of a breach of contract cause of action, must be pleaded with

10  specificity."].)  Plaintiff similarly fails to plead the other elements essential to a breach of contract

11  claim in connection with the supported agreement between Wells Fargo and Federal Nationstar

12  Mortgage Association. .(*CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239 (2008)

13  (stating elements).)  For these reasons, Plaintiff's third claim for breach of contract should be

14  dismissed.

15  **D.    Plaintiff Fails to State A Claim For Misrepresentation (Claims 4-5)**

16          In support of her fourth and fifth claims for misrepresentation, Plaintiff alleges Wells

17  Fargo falsely represented "that it would not sell [the Property] if she continued to comply with the

18  requisite conditions."  (Compl., ¶¶ 46-53, 54-60.) This claim fails to amount to a cognizable fraud

19  cause of action for several reasons.

20          The essential elements of a cause of action for fraud are (1) a material representation or

21  deceit that is false; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and

22  (5) resulting damages. (*Philipson & Simon v. Gulsvig*, 154 Cal.App.4th 347, 363

23  (2007).)  Plaintiff's fraud claim should also be dismissed because it is not pled with the level of

24  particularity required by Federal Rule of Civil Procedure 9(b).  A plaintiff alleging fraud must set

25  forth the circumstances indicating the falseness of the statements, including the time, place and

26  content of the allegedly fraudulent representation or omission, as well as the identity of the person

27  allegedly perpetrating fraud.  (*In re GlenFed. Inc. Sec. Litig.*, 42 F.3d 1541, 1545 (9th Cir.1994).)

28  "Mere conclusory allegations of fraud are insufficient." (*Moore v. Kayport Package Express*, 885

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

1   F.2d 531, 540 (9th Cir.1989).) The failure to plead fraud with the requisite particularity is grounds

2   for dismissal.  (*See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987).)

3   "Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a

4   misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing

5   it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance

6   of the truth and justifiable reliance thereon by the party to whom the misrepresentation was

7   directed, and (5) damages." (*Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986); *see also Committee*

8   *on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 216 (1983) (applying

9   heightened pleading standard to negligent misrepresentation cause of action).)

10          Here, Plaintiff fails to sufficiently plead the alleged misrepresentation. Rather Plaintiff

11   alleges the promise not to proceed to sale was conditioned upon Plaintiff "comply[ing] with the

12   requisite conditions." (Compl., ¶¶ 47, 55.)  However, Plaintiff fails to state what such conditions

13   were and/or her satisfaction of them.  Plaintiff has pled purported portions of letters and extracted

14   from the same select representations. In order to state fraud arising from these letters, Rule 9(b)

15   requires Plaintiff to plead the letters, in their entirety.

16          Even if the alleged statement(s) by Defendants were an actionable misrepresentation of

17   material fact (although it is not), Plaintiff also fail to plead any knowledge of falsity by Defendants

18   or that they lacked any reasonable grounds for believing the alleged statements to be true.

19          Additionally, Plaintiff fails to plead any justifiable reliance or show how she changed

20   position(s) in reliance on the promise not to foreclose. In response to these alleged statements,

21   Plaintiff continued her pattern of inaction, i.e., not making loan payments or curing her

22   default.  (By contrast, *see Aceves v. U.S. Bank*, 192 Cal.App.4th 218, 225 (2011).)  Plaintiff

23   theoretically had been saving several thousands of dollars (if not more) per month over the

24   multiple years she lived in the Property without making a payment.  Plaintiff fail to plead facts to

25   show how but for the alleged letter(s) from Wells Fargo, she would have been in any other

26   position.

27          Moreover, and in addition to the foregoing defects, Plaintiff fails to demonstrate damages

28   resulting from the alleged statement by Wells Fargo.  Her alleged damages were caused by her

1   admitted default on the Subject Loan and/or her failure to take any action to avoid foreclosure

2   until days before the noticed sale date which she knew Wells Fargo intended to pursue.  (Compl.,

3   ¶¶ 61, 64.)  For these reasons, Plaintiff's misrepresentation claims should be dismissed.

4   **E.      Plaintiff Fails to State A Claim For Conversion (Claims 6)**

5          By her sixth claim, Plaintiff alleges "Wells Fargo tortuously converted the Property".

6   (Compl., ¶ 63; *see also* 61-65.)  However, conversion is the wrongful exercise of dominion over

7   personal property of another.  (*Moore v. Regents of the Univ. of Cal.,* 51 Cal.3d 120, 137, 271

8   Cal.Rptr. 146, 793 P.2d 479 (1990).)  A claim for conversion cannot be for real property. (1019

9   *Salma v. Capon*, 161 Cal.App.4th 1275, 1295 (2008) ("The tort of conversion applies to personal

10  property, not real property.").  Because a claim for conversion of the subject real property cannot

11  lie, this claim should be dismissed with prejudice.

12  **F.      Plaintiff Fails to State A Claim for Violation of the California Business and
          Professions Code section 17200 et seq. (Claim 7)**

13

14         By her seventh claim, Plaintiff alleges a violation of California Unfair Competition Law,

15  codified at California Business and Professions Code section 17200 et seq. (hereinafter,

16  "UCL").  (Compl., ¶¶ 66-69.)  First, Plaintiff does not demonstrate standing.  "To satisfy the . . .

17  standing requirements . . . a party must (1) establish a loss or deprivation of money or property

18  sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury

19  was the result of, i.e., caused by, the unfair business practice or false advertising that is the

20  gravamen of the claim."  (*Kwikset Corp. v. Superior Ct.*, 51 Cal.4th 310, 322 (2011).)  However,

21  in order to satisfy the causation prong of the standing requirement, a plaintiff must show a "causal

22  connection" between their purported economic injury and the alleged unfair conduct.   (*Id*. at

23  326.)  Here, the purported harm, i.e. loss of the Property, was caused by Plaintiff's default on the

24  Subject Loan, not only misconduct by Defendants.  A plaintiff fails to satisfy the causation prong

25  of the statute if he or she would have suffered "the same harm whether or not a defendant

26  complied with the law."  (*Daro v. Superior Ct.*, 151 Cal.App.4th 109, 1099 (2007).)  Thus,

27  Plaintiff lacks standing to bring a UCL claim.

28         Second, even if Plaintiff had standing (although she does not), she fails to plead the UCL

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

1  claim with sufficiently particularity and/or "identif[y] [the] particular section of the statutory

2  scheme which was violated." (*Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619

3  (1993).)  Third, and in addition to the foregoing dispositive defects, Plaintiff cannot maintain a

4  claim for violation of the UCL because she has not sufficiently demonstrated any predicate

5  unlawful, unfair, or fraudulent conduct on the part of the demurring defendants as their various

6  claims fail as addressed herein. (*DiPirro v. American Izzu Motors Inc.*, 119 Cal.App.4th 966

7  (2004); *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1366 (2010).)  For these reasons,

8  Plaintiff's seventh claim should be dismissed.

9  **VI.  CONCLUSION**

10      For the reasons stated above, the Court should grant the motion to dismiss with prejudice.

11  DATED:  April 18, 2014                    SEVERSON & WERSON
                                              A Professional Corporation

12

13

14                                  By:      /s/ Kimberly A. Paese
                                          _____
15                                            Edward R. Buell, III
                                              Kimberly A. Paese

16                                  Attorneys for Defendants
                                    WELLS FARGO BANK, N.A.
17                                  d/b/a America's Servicing Company; U.S. BANK
                                    NATIONAL ASSOCIATION, AS TRUSTEE FOR
18                                  CREDIT SUISSE FIRST BOSTON 2005-10 (sued
                                    erroneously herein as "CREDIT SUISSE GROUP AG")
19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT