1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PURNIMA JHA,

          Plaintiff,

     v.

WELLS FARGO BANK, N.A., et al.,

          Defendants.

Case No.  14-cv-01691-VC

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Docket No. 9

Purnima Jha seeks damages arising from the foreclosure sale of her property.  The defendants' motion to dismiss is granted in part and denied in part for the reasons stated below.

The motion to dismiss the claims for breach of contract is granted.  Jha does not state a claim for breach of the deed of trust, because she admits in her complaint that she breached the deed herself by failing to make payments on the loan.  She does not state a breach of contract claim based on the February 24 letter, because the complaint includes no allegations to suggest this letter involved an agreed-upon bargain between her and the defendants.  Nor does Jha state a breach of contract claim based on a third-party-beneficiary theory, because her complaint contains no allegations about how she could have been an intended beneficiary of HAMP, and in any event numerous courts have held that HAMP does not give rise to such a claim.  *See Robinson v. Bank of Am.*, 2012 WL 1932842, at \*5 (N.D. Cal. May 29, 2012); *Hoffman v. Bank of Am., N.A.,* 2010 WL 2635773, at \*3 (N.D. Cal. June 30, 2010) (collecting cases).  Dismissal of the breach of contract claims is with leave to amend.

The motion to dismiss the claims for intentional and negligent misrepresentation is denied.  With respect to those claims, this case is quite similar to *West v. JP Morgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 790 (2013), where the bank sold the plaintiff's property in a foreclosure

United States District Court
Northern District of California

1    sale despite telling the plaintiff that no such sale would proceed.  The February 24 letter and the

2    defendants' conduct surrounding that letter gives rise to similar claims for intentional and

3    negligent misrepresentation.[1]

4          The motion to dismiss the claim for conversion is granted, because under California law

5    the tort of conversion applies to personal property, not real property.  *See Aguinaldo v. Ocwen*

6    *Loan Serv.*, *LLC*, 2012 WL 3835080, at *6 (N.D. Cal. Sept. 4, 2012).  Dismissal of this claim is

7    with prejudice.

8          The motion to dismiss the claim for violation of California's Unfair Competition Law is

9    denied given Jha's ability to state a claim for intentional and negligent misrepresentation.  But to

10   the extent this claim is premised on the breach of contract claim or the conversion claim, it will

11   not be allowed to proceed.

12         A case management conference is scheduled for August 19, 2014 at 10:00 a.m.  Discovery

13   shall be allowed to proceed immediately, regardless of whether Jha files an amended complaint

14   and the defendants move to dismiss aspects of that complaint.  The parties shall file a joint case

15   management statement 7 days before the case management conference that includes a case

16   management schedule and a proposed trial date.

17

18   **IT IS SO ORDERED.**

19   Dated:  July 22, 2014

20   _____

21   VINCE CHHABRIA
     United States District Judge

22

23

24

25

26

27

28
     _____
     [1] It may also give rise to a claim for promissory estoppel.  *See West*, 214 Cal. App. 4th at 804-05.