UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PURNIMA JHA,<br><br>      Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendant. | Case No. 14-cv-01691-VC<br><br>**ORDER GRANTING IN PART, DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 33 |

The motion to dismiss the breach of contract claim is denied. Wells Fargo argues the foreclosure sale could not have constituted a breach of the deed of trust because Jha herself was in breach of the deed, having failed to make her mortgage payments. But a breach by one party does not always inoculate the other party from liability for its own subsequent breach. It is common for a contract to limit the remedies available to one party in the event of breach by another, and by definition such contractual limits apply even in the event of a breach. *See Michel & Pfeffer v. Oceanside Props., Inc.*, 61 Cal.App.3d 443, 442 (Cal. Ct. App. 1976), *overruled on other grounds, Wm. R. Clark Corp. v. Safeco Ins. Co. of Am.*, 15 Cal.4th 882 (Cal. 1997). And here, the First Amended Complaint alleges: (i) the deed of trust limited the actions Wells Fargo could take in the event of default by Jha; and (ii) the foreclosure sale exceeded those limits. Specifically, Jha asserts that Wells Fargo breached the deed by failing to follow "applicable law," namely the Home Affordable Modification Program ("HAMP"), which she contends precluded the foreclosure sale of her home in these circumstances. It may be that Jha's claim that Wells Fargo violated the deed by failing to follow HAMP would fail for some other reason, but in its motion to dismiss Wells Fargo relies solely on the incorrect argument that it could never be found in breach of the deed of trust based on the manner in which it responded to Jha's breach. Accordingly, the motion to

dismiss the breach of contract claim is denied.

The motion to dismiss the trespass claim is granted. Jha asserts that the unlawful foreclosure by Wells Fargo constituted a trespass onto her property. However, "[t]he essence of the cause of action for trespass is an unauthorized entry onto the land of another." *Miller v. Nat'l Broad. Co.,* 187 Cal.App.3d 1463, 1480 (Cal. Ct. App. 1986) (quotation omitted). Jha pleads no facts describing an entry onto her property by Wells Fargo. *See Murphy v. Wells Fargo Bank, N.A.*, 2011 WL 6182422, at *3 (N.D. Cal. Dec. 13, 2011) (dismissing the trespass claim where the complaint failed to plead facts describing an entry onto the property by Wells Fargo); *cf. Susilo v. Wells Fargo Bank, N.A.*, 2011 WL 2471167, at *11 (C.D. Cal. June 21, 2011) (finding the trespass claim sufficiently pled where there were allegations that "defendants changed the locks prior to the foreclosure, and removed and converted plaintiff's personal furnishings, furniture, and belongings"). Dismissal of the trespass claim is with prejudice.

**IT IS SO ORDERED**.

Dated: November 14, 2014

_____
VINCE CHHABRIA
United States District Judge